820 F.2d 1219
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Dene R. FRANCIS, Plaintiff-Appellant,
v.
STATE OF MARYLAND; Howard County, Maryland; Howard County
Police Department, Defendant-Appellee.
 No. 87-6517.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 15, 1987.
Decided June 1, 1987.
 
 Before PHILLIPS, ERVIN and CHAPMAN, Circuit Judges.
 Dene R. Francis, appellant pro se.
 PER CURIAM:
 
 
 1
 Dene R. Francis, a South Carolina inmate, appeals from the district court's dismissal of his 42 U.S.C. Sec. 1983 complaint. We affirm.
 
 
 2
 Francis asserted that he was arrested in February 1985 in Columbia, Maryland. He alleged that, after his arrest, Howard County Police Department officers impounded the car which Francis was driving. According to Francis, at the time of his arrest various items of personal property were locked inside of the car's passenger compartment and trunk. Francis alleged that in April 1985, after being extradited to South Carolina, he learned that the automobile had been returned to a dealer in South Carolina. According to Francis, the dealer stated that no personal property was found in the car when the dealer's representative reacquired the vehicle. Francis also alleged that Howard County Police Department officials had not responded to his inquiries concerning the property. On appeal, Francis confirms that his essential contention is that his property was "stolen" by public officials.
 
 
 3
 Francis first contends that the search of the car and seizure of the property within it were illegal. Inventory searches constitute a well-established exception to the warrant requirement of the Fourth Amendment. See Illinois v. Lafayette, 462 U.S. 640, 643 (1983). Francis failed to offer any facts suggesting that the search in this case was invalid. See South Dakota v. Opperman, 428 U.S. 364, 374-76 (1976).
 
 
 4
 Francis complains of the unlawful taking of his property either by police officers directly or through their negligence as custodians. He asserts that this loss resulted from an "established state procedure." See Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982). He does not suggest, however, that either Maryland law or the rules and regulations of the Howard County Police Department authorized the conversion of property. Accordingly, we conclude that his challenge is not to some procedural deficiency in the search procedures, but to the taking itself. See Wagner v. Higgins, 754 F.2d 186, 191 (6th Cir.1985).
 
 
 5
 The claims of unlawful conversion or negligent loss fail to state a claim under Sec. 1983. Negligent deprivation of property does not state a claim for relief under 42 U.S.C. Sec. 1983. Daniels v. Williams, --- U.S. ----, 54 U.S.L.W. 4090 (Jan. 21, 1986). Further, intentional deprivation of property through random action by a state employee does not state a cognizable claim under Sec. 1983 if there are adequate state remedies available. Hudson v. Palmer, 468 U.S. 517 (1984). Under Maryland laws public officials are not shielded from liability for their malicious actions, i.e., actions "inconsistent with the idea of an honest performance of duty." Cocking v. Wade, 87 Md. 529, 541-42, 40 A. 104, 106 (1898). See James v. Prince George's County, 288 Md. 315, 418 A.2d 1173 (1980). We conclude that because Maryland law affords a remedy for unlawful conversion, Francis has failed to state a due process claim.
 
 
 6
 Accordingly, we affirm the decision of the district court. Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument.
 
 
 7
 AFFIRMED.